| | | |
|---|---|---|
| **BENJAMIN G. THOMPSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Reversal and Remand (Doc. No. 15). Defendant Commissioner of Social Security moves the Court to reverse the Commissioner's previous decision and remand it for further administrative proceedings. The Court has the power to enter, upon the pleadings and transcript of the record, "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant's motion is GRANTED in part and DENIED in part. Defendant's Motion to Reverse is DENIED and the action is instead VACATED. Defendant's Motion to Remand is GRANTED. There instant case is therefore VACATED and REMANDED to an administrative law judge for:

(1)    determination of whether Plaintiff engaged in substantial gainful activity during any part of the period at issue;

(2)    consideration of Plaintiff's allegations of blurry vision and the evidence supporting a diagnosis of cataracts and to determine whether this condition is a severe impairment;

(3)    evaluation of the evidence of mental impairments and limitations and to determine

whether a severe impairment exists;

(4)     reassessment of the credibility of Plaintiff's subjective complaints in light of the additional evidence submitted by Plaintiff to the Appeals Council, including Plaintiff's allegations of leg pain and evidence of peripheral vascular disease;

(5)     reassessment of Plaintiff's residual functional capacity in light of the additional evidence submitted to the Appeals Council and consideration of the effects of both severe and non-severe impairments;

(6)     the remainder of the sequential evaluation process as necessary.

The Commissioner's decision is therefore VACATED and REMANDED to an administrative law judge for further proceedings. The Court retains jurisdiction only for motions for attorney's fees. Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under the Equal Access to Justice Act in this matter.

IT IS SO ORDERED.

Signed: March 2, 2012

Frank D. Whitney
United States District Judge